UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.                                                                                          CRIMINAL N0. 12-61

**TRACEY HOOK**

**MEMORANDUM**

**SCHMEHL, J.**  */s/ JLS*                                                            NOVEMBER 9, 2021

Defendant pled guilty to conspiracy to commit carjacking, in violation of 18 U.S.C. § 371, one count of armed carjacking, in violation of 18 U.S.C. § 2119, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1).

Defendant was sentenced by retired United States District Judge Mary A. McLaughlin[1] to 24 months on the carjacking counts, and a consecutive sentence of 84 months on the § 924(c) count, for a total term of imprisonment of 108 months.[2] Presently before the Court is the Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255. For the reasons that follow, the motion is denied.

Defendant seeks to vacate his Section 924(c) conviction based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act. Defendant claims that *Johnson* also invalidated the residual clause in § 924(c), and that

---

[1] This case was transferred to the docket of the undersigned on May 5, 2016.
[2] The government informs the Court that Defendant has completed his term of imprisonment and is currently serving a three-year period of supervised release.

1

since his §924(c) convictions were predicated on the residual clause, they are no longer valid.

In June 2019, the Supreme Court extended the holding of *Johnson* to Section 924(c)(3)(B) and found that Section's residual clause also to be constitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) requires a mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm," The statute defines a "crime of violence" as "an offense that is a felony" and— (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court invalidated subsection (B), the so-called "residual clause," as unconstitutionally vague, meaning that an offense may now qualify as a predicate crime of violence only under subsection (A), the "elements clause."

Defendant's conviction for carjacking constitutes a crime of violence under Section 924(c)(3)'s "elements clause." Although our Court of Appeals has not addressed this precise issue, numerous other circuit courts have held that carjacking in violation of 18 U.S.C. § 2119[3] is a crime of violence under Section 924(c)'s elements clause. See *United States v. Felder*, 993 F.3d 57, 79 (2d Cir. 2021); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *United

---

[3] The carjacking statute applies to "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . . ." 18 U.S.C. § 2119.

States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019);; *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017) (per curiam); *In re Smith*, 829 F. 3d 1276, 1280-81 (11th Cir. 2016).

The Court notes that our Court of Appeals has recently held that "[u]narmed bank robbery by intimidation clearly does involve the 'threatened use of physical force against the person of another.'" See *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018) (holding that unarmed bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under the elements clause of the career offender Sentencing Guidelines). In reliance on that decision, the Third Circuit also recently held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) constitutes a crime of violence for purposes of Section 924(c)'s elements clause. See *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018). Based on relevant authority from other circuits, and in light of the recent holding from our Court of Appeals that bank robbery in violation of Section 2113(a) or (d) constitutes a crime of violence under Section 924(c)(3)'s elements clause, the Court concludes that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under Section 924(c)(3)'s elements clause. Because Defendant was convicted of carjacking in violation of Section 2119, his conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3), and he is, therefore, not entitled to relief.

As the Court finds that Defendant has failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C.§ 2253(c)(2), a certificate of appealability will not issue in this case.